UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JAMES G.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of the Social Security Administration,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS**<br><br>Case No. 2:25-cv-00391<br><br>Magistrate Judge Daphne A. Oberg |

James G.[1] brought this action for judicial review of the denial of his application for supplemental security income.[2] The Administrative Law Judge (ALJ) who addressed Mr. G.'s application determined he did not qualify as disabled.[3] Mr. G. claims the ALJ erred in omitting certain mental limitations from the residual functional capacity assessment, even though they were included in medical opinions the ALJ found persuasive.[4] As explained below, the RFC adequately accounted for all mental limitations from the medical opinions at issue. Accordingly, the Commissioner's decision is affirmed.[5]

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in court orders in certain cases, including social security cases, the court refers to the plaintiff by first name and last initial only.

[2] (*See* Compl., Doc. No. 1.)

[3] (Certified Tr. of Admin. R. (Tr.) 17–33, Doc. No. 10.)

[4] (Opening Br. 1, 7, Doc. No. 17.)

[5] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 8.)

## STANDARD OF REVIEW

Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code provide for judicial review of the Commissioner's final decision. This court reviews the decision to determine whether substantial evidence supports the ALJ's factual findings and whether he applied the correct legal standards.[6] "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."[7]

An ALJ's factual findings are "conclusive if supported by substantial evidence."[8] Although the evidentiary sufficiency threshold for substantial evidence is "not high," it is "more than a mere scintilla."[9] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[11] And the court may not reweigh the evidence nor substitute its judgment for that of the ALJ.[12]

---

[6] *See* 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[7] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation omitted).

[8] *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (internal quotation marks omitted).

[9] *Id.* at 103 (citation omitted).

[10] *Id.* (citation omitted).

[11] *Lax*, 489 F.3d at 1084 (citation omitted).

[12] *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).

## APPLICABLE LAW

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" expected to result in death or last for at least twelve consecutive months.[13] An individual is considered disabled only if his impairments are so severe, he cannot perform his past work or "any other kind of substantial gainful work."[14]

To determine if a claimant qualifies as disabled, the ALJ uses a five-step sequential evaluation, considering whether:

1) the claimant is engaged in substantial gainful activity;
2) he has a severe medically determinable physical or mental impairment;
3) the impairment is equivalent to an impairment precluding substantial gainful activity (listed in the appendix of the relevant disability regulation);
4) he has the residual functional capacity to perform past relevant work; and
5) he has the residual functional capacity to perform other work, considering his age, education, and work experience.[15]

In the first four steps, the claimant has the burden of establishing disability.[16] And at step five, the Commissioner must show the claimant retains the ability to perform other work in the national economy.[17]

---

[13] 42 U.S.C. § 1382c(a)(3)(A).

[14] *Id.* § 1382c(a)(3)(B).

[15] *See* 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

[16] *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

[17] *Id.*

## PROCEDURAL HISTORY

Mr. G. applied for supplemental security income under Title XVI of the Social Security Act.[18] After an administrative hearing,[19] the ALJ found Mr. G. not disabled and denied benefits.[20]

At step two of the sequential evaluation, the ALJ found Mr. G. had the following severe impairments:

> mild neurocognitive disorder, with slower processing and some short-term memory concerns, with presumed history of 2004 head injury with traumatic brain injury; median mononeuropathy of right wrist/hand; type 2 diabetes mellitus; hypertension, with residual effects of right thalamic stroke, coronary artery disease, and ischemic cardiomyopathy related to traumatic brain injury (TBI); thoracolumbar degenerative disc disease (including closed stable burst fracture of the 12th thoracic vertebra with routine healing); cervical spondylosis w/o myelopathy; focal epilepsy; anxiety disorder; and depression disorder.[21]

At step three, the ALJ concluded Mr. G.'s impairments did not meet or medically equal an impairment listing.[22]

The ALJ then found Mr. G. had the residual functional capacity (RFC) to perform "light work" with additional limitations.[23] As relevant here, the ALJ found Mr. G. had the following mental RFC:

> He can understand, remember and carry out detailed, but not complex tasks. He can use judgment to make simple work-related decisions. He

[18] (*See* Tr. 223–31); 42 U.S.C. §§ 1381–1385.

[19] (Tr. 39–80.)

[20] (Tr. 17–33.)

[21] (Tr. 19.) The ALJ also found Mr. G. had high cholesterol, a nonsevere impairment. (Tr. 20.)

[22] (Tr. 20–23.)

[23] (Tr. 23.)

> can occasionally interact with supervisors and coworkers, but can never perform tandem tasks with others. He can never work with the general public. He can deal with no more than occasional changes in a routine work setting.[24]

At step four, the ALJ found Mr. G. had no past relevant work.[25] But at step five, based on the RFC assessment and the testimony of a vocational expert, the ALJ found Mr. G. capable of jobs in the national economy.[26] Accordingly, the ALJ found Mr. G. not disabled and denied his claim.[27] This decision became final when the Appeals Council denied his request for review.[28]

**ANALYSIS**

Mr. G. claims the ALJ erred in omitting certain mental limitations from the RFC assessment, despite finding medical opinions which included those limitations persuasive.[29] The Commissioner argues the assessed RFC adequately accounted for all limitations from opinions the ALJ found persuasive.[30] The Commissioner is correct.

A claimant's RFC is the most he can do in a work setting considering his limitations.[31] In assessing RFC, the ALJ considers "the extent to which an individual's

---

[24] (*Id.*)

[25] (Tr. 31.)

[26] (Tr. 32–33.)

[27] (Tr. 33.)

[28] (Tr. 1–3.)

[29] (Opening Br. 1, 7, Doc. No. 17.)

[30] (Comm'r's Br. 5, Doc. No. 24.)

[31] *See* 20 C.F.R. § 416.945(a)(1); SSR 96-8p, 1996 SSR LEXIS 5, at *1–2 (July 2, 1996).

medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."[32] The ALJ considers all relevant medical and other evidence in the record.[33]

In determining a claimant's RFC, an ALJ must assess the persuasiveness of medical opinion evidence.[34] And if "the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted."[35] It is legal error for an ALJ to fail to explain his omission of limitations from the RFC assessment if he finds medical opinions containing those same limitations persuasive.[36]

The opinions at issue were offered by a consultative examiner, Dr. Tanya Colledge, and a treating physician, Dr. Rachel Kroencke. Each is addressed in turn.

Dr. Colledge's Opinion

Dr. Colledge examined Mr. G. and diagnosed him with "mild neurocognitive disorder," noting he had "slower processing and some short term memory concerns."[37] She opined:

> [Mr. G.] appears capable of completing some basic, repetitive type work tasks. . . . He is able to remember and carry out simple instructions, but can have significantly more difficulty with multi-step instructions depending on their complexity. He presents with an impaired capacity to tolerate work stress as it relates to the traditional demands of the job in a more

---

[32] SSR 96-8p, 1996 SSR LEXIS 5, at *5.

[33] 20 C.F.R. § 416.945(a)(3).

[34] *Id.* § 416.920c(b).

[35] SSR 96-8p, 1996 SSR LEXIS 5, at *20.

[36] *See Parker v. Comm'r*, 922 F.3d 1169, 1172–73 (10th Cir. 2019).

[37] (Tr. 412.)

> competitive work environment in terms of learning new tasks on the job quickly as well as speed of processing. . . . His cognitive functioning is in the average range.[38]

The ALJ found Dr. Colledge's opinion persuasive.[39]

Mr. G. argues the assessed RFC does not account for all of Dr. Colledge's opined limitations. Specifically, he contends it omits: 1) his limitation to "some basic, repetitive type work tasks," 2) his limitation to remembering and carrying out simple instructions, and 3) his "impaired capacity to tolerate work stress as it relates to the traditional demands of the job in a more competitive work environment in terms of learning new tasks on the job quickly as well as speed of processing."[40]

Mr. G. has not shown error. As the Commissioner notes, an ALJ need not adopt persuasive medical opinions verbatim, so long as the RFC "capture[s] the essence" of the opined limitations.[41] Here, the RFC adequately accounts for Dr. Colledge's opinions. First, the RFC limitation to "detailed, but not complex tasks," "simple work-related decisions," and "occasional changes"[42] accounts for Dr. Colledge's opinion that Mr. G. was capable of "basic, repetitive type work tasks" and "simple instructions" but would have "significantly more difficulty with multi-step instructions depending on their complexity."[43] While the ALJ did not adopt Dr. Colledge's language verbatim, the

---

[38] (Tr. 413.)

[39] (Tr. 30.)

[40] (Opening Br. 9, Doc. No. 17 (quoting Tr. 413).)

[41] *Carver v. Colvin*, 600 F. App'x 616, 620 (10th Cir. 2015) (unpublished).

[42] (Tr. 23.)

[43] (Tr. 413.)

limitations he adopted capture the essence of Dr. College's opined limitations. Mr. G. identifies no meaningful distinction between the language Dr. Colledge used and the RFC limitations.

None of the cases Mr. G. cites support his point. For instance, Mr. G. relies on *Mark V. v. Kijakazi*.[44] In *Mark V.*, the court found an RFC limitation to "short and simple instructions" inconsistent with a medical opinion that the claimant had limitations relating to "both complex and simple instructions."[45] In other words, the assessed RFC directly contradicted the opined limitation. But here, there is no discernable contradiction between Dr. Colledge's opinion and the assessed RFC. Mr. G. also relies on *Gonzales v. Kijakazi*.[46] But *Gonzales* offers no help. In that case, the court addressed an ALJ's failure to explain her rejection of a treating physician's opined physical limitations,[47] but the court did not address whether an RFC adequately captured opined mental limitations (the question at issue here).

Likewise, the assessed RFC sufficiently accounts for Dr. Colledge's statement that Mr. G. "present[ed] with an impaired capacity to tolerate work stress as it relates to the traditional demands of the job in a more competitive work environment in terms of learning new tasks on the job quickly as well as speed of processing."[48] In support of

---

[44] No. 1:20-cv-00131, 2022 U.S. Dist. LEXIS 54405 (D. Utah Mar. 25, 2022) (unpublished).

[45] *Id.* at *11–12.

[46] No. 20-914, 2022 U.S. Dist. LEXIS 1778 (D.N.M. Jan. 5, 2022) (unpublished).

[47] *Id.* at *32.

[48] (Tr. 413.)

his claim to the contrary, Mr. G. relies on *Jamie W. v. O'Malley*.[49] In *Jamie W.*, the court concluded an ALJ erred by failing to include in the RFC a "low stress environment" limitation from a persuasive medical opinion.[50] But Dr. Colledge did not opine Mr. G. was limited to a low stress environment. Her statement about Mr. G.'s "impaired capacity to tolerate work stress" does not quantify the level of Mr. G.'s impairment or suggest any specific functional limitation. Given this, the ALJ adequately accounted for this portion of Dr. Colledge's opinion by limiting Mr. G. to "detailed, but not complex tasks," "simple work-related decisions," and "occasional changes."[51]

<u>Dr. Kroencke's Opinions</u>

Dr. Kroencke provided two medical opinion statements. In the first, she stated Mr. G. had a "history of TBI, CVA, and seizures which may contribute somewhat to ability to focus for long periods of time, adapt to changes in routine, accept constructive feedback, and complete tasks in a timely manner."[52] In the second, Dr. Kroencke opined on Mr. G.'s limitations in various areas of mental functioning.[53] As relevant here, she concluded Mr. G. had a moderately limited ability to ignore or avoid distractions while working and to work close to others without interrupting or distracting them.[54] She also noted Mr. G. had mildly limited abilities to work at an appropriate and consistent

---

[49] No. 2:22-cv-00804, 2024 U.S. Dist. LEXIS 57511 (D. Utah Mar. 28, 2024) (unpublished).

[50] *Id.* at *7–8.

[51] (Tr. 23.)

[52] (Tr. 423, 1089.)

[53] (Tr. 696–98.)

[54] (Tr. 697.)

pace, complete tasks in a timely manner, and work a full day without needing more than the allotted number or length of rest periods.[55] She explained he was "easily distractible when interrupted during tasks," "ha[d] trouble completing tasks in a timely manner," and had "difficulty with focus."[56] The ALJ found Dr. Kroencke's opinions persuasive.[57]

Mr. G. argues the ALJ omitted some of Dr. Kroencke's opined limitations from the assessed RFC. Specifically, he argues RFC does not include: 1) limitations addressing his ability to ignore or avoid distractions while working, 2) mild limitations in his ability to work at an appropriate and consistent pace, or complete tasks in a timely manner, and 3) mild limitations in his ability to work a full day without needing more than the allotted number or length of rest periods during the day.[58]

Contrary to Mr. G.'s argument, the assessed RFC adequately accounts for these limitations by restricting Mr. G. to detailed but not complex tasks, simple work-related decisions, occasional interaction with supervisors and coworkers, no work with the general public, and occasional changes in a routine work setting.[59] The limitations Mr. G. claims the ALJ improperly omitted are similar to those in *Smith v. Colvin*.[60] In *Smith*, a doctor opined the claimant was moderately limited in her ability to "remain attentive and keep concentration for extended periods," "work with others without getting

---

[55] (*Id.*)

[56] (*Id.*)

[57] (Tr. 30–31.)

[58] (Opening Br. 9, Doc. No. 17.)

[59] (*See* Tr. 23.)

[60] 821 F.3d 1264 (10th Cir. 2016).

distracted," "complete a normal workday and workweek without interruption," and "perform at a consistent pace without excessive rest periods."[61] The Tenth Circuit concluded the ALJ adequately accounted for all these limitations in the RFC by limiting the claimant to "simple, repetitive, and routine tasks" and no contact with the public.[62]

Here, the RFC limitations are even more detailed than those the court found adequately accounted for similar opinion evidence in *Smith*. As noted above, the ALJ did not need to adopt the opinion verbatim, and the assessed limitations capture the essence of Dr. Kroencke's opinion. Accordingly, Mr. G. has not shown the ALJ omitted limitations from Dr. Kroencke's persuasive opinion.

**CONCLUSION**

Because the assessed RFC adequately accounted for mental limitations from medical opinions the ALJ found persuasive, the Commissioner's decision is affirmed.

DATED this 3rd day of September, 2026.

BY THE COURT:

Daphne A. Oberg

Daphne A. Oberg
United States Magistrate Judge

[61] *Id.* at 1268.

[62] *Id.* at 1269.